application only to the facts then before us. We did not intend to decide any subsequent action arising between the parties. We decided merely that the landlord had not accepted the surrender of the tenant, nor had he evicted the tenant at the time that that action was brought. Any subsequent claim of eviction or of surrender and acceptance must be decided upon the facts then submitted to the court. Present — Kelly, P. J., Rich, Kelby, Young and Kapper, JJ.

OCEAN BEACH FIRE ISLAND COMPANY, Respondent, v. WILLIAM H. WRAY, Appellant.— Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals denied. Present — Kelly, P. J., Rich, Kelby, Young and Kapper, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. 1 PIERCE-ARROW LIMOUSINE AUTOMOBILE and Others, Respondents.— Motion for reargument denied. Present — Kelly, P. J., Rich, Kelby, Young and Kapper, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. 1 PIERCE-ARROW LIMOUSINE AUTOMOBILE and Others, Respondents.— Motion for resettlement denied. Present — Kelly, P. J., Rich, Kelby, Young and Kapper, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES H. NOZIGLIA, Relator, v. RICHARD E. ENRIGHT, as Police Commissioner of the City of New York, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Kelly, P. J., Rich, Kelby, Young and Kapper, JJ.

WILLIAM A. RAFTER, Respondent, v. RICHARD K. FOX PUBLISHING COMPANY, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Kelly, P. J., Rich, Kelby, Young and Kapper, JJ.

RAYMOND I. SURESKY, Respondent, v. CASE-KANE, INC., Appellant.— Motion to dismiss appeal granted, with ten dollars costs. Present — Kelly, P. J., Rich, Kelby, Young and Kapper, JJ.

ARNOLD D. AJELLO, Appellant, v. STATE ASSURANCE COMPANY, LIMITED, OF LIVERPOOL, ENGLAND, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Manning and Kelby, JJ.

GEORGE W. BAKER, Suing on Behalf of Himself and All Other Persons Similarly Situated, as Members of Syndicate B, Mentioned and Described in the Complaint Herein, Respondent, v. J. ALEXANDER DINGWALL, JR., Appellant, Impleaded with Others. (Appeal No. 1.) — Order affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Manning, Kelby and Young, JJ., concur.

GEORGE W. BAKER, Suing on Behalf of Himself and All Other Persons Similarly Situated, as Members of Syndicate B, Mentioned and Described in the Complaint Herein, Respondent, v. J. ALEXANDER DINGWALL, Appellant, Impleaded with Others. (Appeal No. 2.) — Order affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Manning, Kelby and Young, JJ., concur.

GEORGE W. BAKER, Suing on Behalf of Himself and All Other Persons Similarly Situated, as Members of Syndicate B, Mentioned and Described in the Complaint Herein, Respondent, v. J. ALEXANDER DINGWALL, JR., and Others, Appellants. (Appeal No. 3.) — Order affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Manning, Kelby and Young, JJ., concur.

GEORGE W. BAKER, Suing on Behalf of Himself and All Other Persons Similarly Situated, as Members of Syndicate B, Mentioned and Described in the Complaint Herein, Respondent, v. J. ALEXANDER DINGWALL, JR., and Others, Appellants.

(Appeal No. 4.) — Order affirmed, with ten dollars costs and disbursements. **No** opinion. Kelly, P. J., Rich, Manning, Kelby and Young, JJ., concur.

GEORGE W. BAKER, Suing on Behalf of Himself and All Other Persons Similarly Situated, as Members of Syndicate B, Mentioned and Described in the Complaint Herein, Respondent, v. J. ALEXANDER DINGWALL, JR., and Others, Appellants, and JOHN H. KILLINGER and Others, Intervenors.— Interlocutory judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Manning and Young, JJ.

FREDA BLUTH, by Her Guardian ad Litem, WILLIAM BLUTH, Respondent, v. INTERBOROUGH RAPID TRANSIT COMPANY, Appellant.— Order setting aside verdict and granting a new trial unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Manning and Young, JJ.

WILLIAM BLUTH, Respondent, v. INTERBOROUGH RAPID TRANSIT COMPANY, Appellant.— Order setting aside verdict and granting a new trial unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Manning and Young, JJ.

MORRIS FRIEDMAN, Appellant, v. EMPIRE LIGHTING FIXTURE Co., INC., Respondent.— Concededly the plaintiff was a resident of Westchester county at the time of the commencement of the action; therefore that county was the proper county in which to bring the action, under Civil Practice Act, section 182. The defendant made out no case for change of venue upon the ground of convenience of witnesses. The order granting motion for change of venue is reversed upon the law, with ten dollars costs and disbursements, and motion denied, without costs. Kelly, P. J., Rich, Manning, Kelby and Kapper, JJ., concur.

MEYER GOLDBERG, Appellant, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent.— Order denying motion for bill of particulars, with leave to renew upon completion of the examination under the terms of the policy, affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Manning, Kelby and Kapper, JJ., concur.

IRVING GOLDSTEIN, Respondent, v. ROSSLER RESTAURANT, INC., Appellant.— Order denying motion to vacate the notice for examination before trial affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Manning, Kelby and Kapper, JJ., concur.

GRAZELDA GREAVES and Others, Appellants, v. JUSTINA HUSBAND, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Manning, Kelby and Kapper, JJ., concur.

JOHN HARTSHORNE, Appellant, v. FENESTRA CONSTRUCTION COMPANY and Another, Respondents. (Appeal No. 1.) — Order reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, upon the ground that the complaint, as we construe it, charges both defendants with negligence in causing, suffering and permitting the article known as the wooden chute while being handled by the agents and employees of the defendants, to fall upon the plaintiff, to his personal injury, and that the particulars sought are immaterial. Kelly, P. J., Rich, Manning, Kelby and Kapper, JJ., concur.

JOHN HARTSHORNE, Appellant, v. FENESTRA CONSTRUCTION COMPANY and Another, Respondents. (Appeal No. 2.) — Order reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten

55